UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BARBARA POSTELL,

                                    Plaintiff,

                                                                    DECISION AND ORDER

                                                                    11-CV-6550L

                        v.

ROCHESTER CITY SCHOOL DISTRICT,
PRINCIPAL RICHARD SMITH, Individually,
SUPERINTENDENT JEAN-CLAUDE BRIZARD,
Individually,

                                    Defendants.

_____

        Plaintiff filed this action on November 4, 2011.  Plaintiff passed away on October 3,

2015.  Nicole Postell and Marchon Postell, co-administrators of the plaintiff's estate, now move

to substitute themselves for plaintiff in this action pursuant to Fed. R. Civ. Proc. 25(a).  (Dkt.

#60).

        Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that:

        [i]f a party dies and the claim is not extinguished, the court may order substitution
        of the proper party.  A motion for substitution may be made by any party or by the
        decedent's successor or representative.  If the motion is not made within 90 days
        after service of a statement noting the death, the action by or against the decedent
        must be dismissed.

Fed. R. Civ. Proc. 25(a)(1).

        To succeed on a motion for substitution, the movant must show that: (1) the motion is

timely; (2) the movant's claims have not been extinguished by the death; and (3) the parties

proposed as substitutes are proper parties. *See Adler v. Bank of America, N.A.*, 2015 U.S. Dist. LEXIS 66018 at *2-*3 (S.D.N.Y. 2015).

Defendants correctly point out that the movants failed to comply with the Court's directive, following a status conference on October 5, 2016, that a Suggestion of Death be filed within ten days thereafter.  (Dkt. #59).  Indeed, the movants did not file and serve any notice amounting to a Suggestion of Death until the instant motion was made, 35 days later – an omission for which the movants have provided no explanation or apology.  Nonetheless, timeliness of a motion to substitute is not governed by any Court-imposed deadline for the filing of a Suggestion of Death, but by the 90-day limitation period set forth in Fed. R. Civ. Proc. 25(a)(1), which begins to run after the service of a statement noting the death.  The first Suggestion of Death on the record was made via the filing and service of the instant motion (which the Court finds substantially complies with the standard form for a Suggestion of Death), and the request for substitution is therefore timely.

Second, there is no indication (and indeed, the defendants make no argument) that the plaintiff's claims, sounding in civil rights, did not survive her death.  *See generally Johnson v. Morgenthau*, 160 F.3d 897, 898 (2d Cir. 1998); *Morningstar Care Ctr. v. Zucker*, 2016 U.S. Dist. LEXIS 131852 at *41 (N.D.N.Y. 2016).

Third, proper parties for substitution include "representative[s] of the deceased party's estate." *Adler*, 2015 U.S. Dist. LEXIS 66018 at *4.  The movants, as the co-administrators of the plaintiff's estate (see Letters of Administration, Dkt. #60 at ¶5 and Exh. A), are clearly proper parties.

2

Although the defendants have also objected to the instant motion on the grounds that the plaintiff's claims lack merit, and/or that the defendants have been prejudiced by plaintiff's failure to disclose certain materials during discovery, these objections do not present a proper basis to deny the motion.  *See generally Saylor v. Bastedo*, 623 F.2d 230, 237 (2d Cir. 1980) ("it is difficult to imagine a case where discretion might properly be exercise to deny a motion to substitute for a deceased plaintiff made within the rule's time limits").  Whether there is now sufficient evidence to support the claims and damages alleged by Barbara Postell, without her trial testimony, is a matter for another day, as are the issues relating to the alleged untimely disclosure by plaintiff of materials during discovery.

For the foregoing reasons, the movants' motion for substitution (Dkt. #60) is granted. The Clerk is directed to amend the caption accordingly, to substitute "Nicole Postell and Marchon Postell, as co-administrators of the Estate of Barbara Postell" as plaintiffs.  The movants' request for an award of costs associated with the instant motion is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      February 27, 2017.